### *In re* McCARTHY'S WILL.

#### *(Supreme Court, General Term, Fifth Department.* March, 1891.)

WITNESS—COMPETENCY—ATTORNEY AND CLIENT.
   Communications by a testator to the attorney employed to draw the will, not made in the presence of the attesting witnesses or of any third person, relating to the disposition of testator's property, are not admissible in evidence in proceedings for the probate of the will.

Appeal from surrogate's court, Ontario county.

Proceedings for the probate of the will of John McCarthy, deceased. From the decree admitting the will to probate contestants appeal. For former report, see 8 N. Y. Supp. 578.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*D. B. Backenstose*, for appellants. *J. E. Bean*, for respondents.

DWIGHT, P. J. The only questions determined by the decision of the court on a former appeal in this case were (1) of the admissibility in evidence, by the testimony of the witness Nicholas, an attorney and counselor at law who drew the will, of the conversation had by him with the deceased, at the time the will was executed, in the presence of the subscribing witnesses; and (2) of the admissibility of the answer by the same witness to the question, "Where did you get your instructions from how to draw it [the will]?" For the exclusion of these two items of evidence the former decree was reversed. On the second hearing the learned surrogate, in supposed deference to certain intimations contained in the opinion delivered at general term, not necessary to the decision actually made, admitted the testimony of the witness Nicholas as to all the communications made to him by the testator, not in the presence of the subscribing witnesses or of any third person, relating to the disposition of the testator's property. This ruling, which was excepted to by the contestants, was in apparent violation of the rule declared by the court of appeals in the two cases of *In re Coleman*, 111 N. Y. 220, 19 N. E. Rep. 71, and *Loder*

v. *Whelpley*, 111 N. Y. 239, 18 N. E. Rep. 874; and it was, as the surrogate states in his opinion, upon the evidence so received that the second decree was based. For the error of the reception of the evidence last mentioned the decree now appealed from must be reversed, and the proceeding remitted to the surrogate of Ontario county for a rehearing, with costs of this appeal to both parties, payable out of the estate. All concur.