HOWARD W. MILLER v. WEST JERSEY AND SEASHORE RAILROAD COMPANY.

Submitted July 2, 1904—Decided November 7, 1904.

1. Although a common carrier is bound to exercise a high degree of care for the safety of its passengers, it is only responsible for injuries resulting from the act of a stranger when such act might reasonably have been anticipated by it.

2. Notwithstanding that a common carrier may naturally expect that sometimes during the course of its business passengers may be injured by the careless or wanton acts of fellow-passengers or strangers, it is not, on that account, chargeable with responsibility for any specific act so done; to incur such responsibility, reasonable ground to anticipate the occurrence must have existed.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the rule, *Joseph H. Gaskill.*

Contra, *John W. Wescott.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff was a passenger on the road of the defendant company, holding a ticket from Philadelphia to Paulsboro. His route was by ferry to Camden and thence by rail to his destination. The terminal of the defendant company's railroad at Camden is in the station of the Amboy division of the Pennsylvania Railroad Company at that place. While the plaintiff was standing on one of the platforms in the train shed of this station, waiting for his train, which had not come in, an employe of the Pennsylvania Railroad Company, who was hauling a truck load of baggage to one of that company's outgoing trains, carelessly

ran the truck over the plaintiff's foot.    To recover for the re-
sulting injury this suit was brought.

At the trial plaintiff had a verdict.

The main question presented by this rule is the liability
of the defendant for the plaintiff's injury.    It is clear that the
doctrine of *respondeat superior* has no application in a case
like that now under consideration.    There was no such privity
existing between the defendant and the employe of the Penn-
sylvania Railroad Company, whose careless act produced the
injury complained of, as to render the defendant answerable
for his acts.    Its liability, if it existed at all, must have
resulted from its failure to exercise that high degree of care
for the safety of the plaintiff which its duty as a common
carrier required.    But, while it is true that the duty of pro-
tection which a carrier owes to its passenger requires it to
exercise very great care to safeguard the latter against injury
not only from the acts of its own employes but also from those
of strangers, its responsibility in the one case is much broader
than in the other.    As to the acts of its servants, the rule
that the master must respond applies; but as to the acts of
strangers the carrier is responsible only for those which
might have been reasonably anticipated, or, as some of the
decided cases put it, naturally expected.    *Pittsburgh, &c.,
Railway Co. v. Hinds,* 53 Pa. St. 512; *Flint v. Norwich, &c.,
Transportation Co.,* 34 Conn. 554; *Putnam v. Broadway,
&c., Railroad Co.,* 55 N. Y. 108; *Exton v. Central Railroad
Co.,* 33 *Vroom* 10.    In the Hinds case a passenger was se-
riously injured by a crowd of drunken and riotous persons
who came upon the train in defiance of the conductor in
charge.    The likelihood of danger to other passengers being
apparent, the court held that the only question which the
case presented was whether the conductor did all he could
to quell the riot and eject the rioters, and that this question
was for the jury.    The Flint case presented a similar situa-
tion.    In the Exton case the plaintiff was knocked down and
injured while at the defendant's station as a passenger by
some hackmen who were indulging in rough play around the

station entrance. The liability of the company was held to exist by reason of the fact that the hackmen were accustomed to indulge in horseplay around the station entrance to the annoyance and danger of passengers, and that the company had taken no steps to put an end to such occurrences. In the Putnam case the plaintiff's intestate died from the effects of a murderous assault, committed upon him by a fellow-passenger upon one of the defendant company's cars. It was held that the defendant was not responsible, for the reason that there had been nothing in the conduct of the decedent's assailant prior to the commission of the assault to indicate to the conductor in charge of the car that there was danger of harm to anyone from his presence on the car.

These cases are illustrative of the principle that, although a carrier may naturally expect that sometimes during the course of its business passengers may be injured by the careless or wanton acts of fellow-passengers or of strangers, it is not on this account chargeable with responsibility for any specific act so done, but that to incur such responsibility reasonable ground to anticipate the occurrence must have existed.

While it may reasonably be anticipated that the employes engaged about a railroad station will sometimes be careless, third persons, using the station, cannot possibly foresee the doing of any specific careless act by one of such employes unless such act is preceded by something which suggests the likelihood or at least the possibility of its taking place. In the present case there was nothing to suggest to the defendant company any more than there was to the plaintiff the possibility of danger to the latter until the actual happening of the accident. Having no reason to expect its occurrence, the company was under no obligation to take steps to protect the plaintiff against it.

The facts of this case, as developed by the proofs, presented a situation which called for the direction of a verdict in favor of the defendant.

The rule to show cause should be made absolute.