12 N.J. Super. 52 (1951)
79 A.2d 57
JOHN BANGO, PLAINTIFF-APPELLANT,
v.
CARTERET LIONS CLUB AND ANOTHER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1951.
Decided February 20, 1951.
*54 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Robert C. Gruhin argued the cause for the appellant.
Mr. John C. Stockel argued the cause for the respondents.
*55 The opinion of the court was delivered by BIGELOW, J.A.D.
This appeal brings up for review a judgment of dismissal entered at the conclusion of the plaintiff's case. The plaintiff was a police officer assigned to duty on Pershing Avenue, a public highway in the Borough of Carteret, upon the occasion of a "soap box derby" which was held on that street. A 13-year-old boy, one of the contestants, coasting down the hill upon his home-made vehicle, lost control of it and ran into plaintiff, severely injuring him. To recover compensation for his injuries, the action was brought.
A person who induces others to come upon his premises is under a duty to exercise reasonable care for their protection. He is not necessarily relieved of responsibility by the circumstance that the danger is created by an independent contractor. Sebeck v. Plattdeutsche Volkfest Verein, 64 N.J.L. 624; 50 L.R.A. 199 (E. & A. 1900). His duty extends to protection against the acts of third persons if he ought reasonably to have anticipated the occurrence. Exton v. Central R.R. Co., 62 N.J.L. 7 (Sup. Ct. 1898); Miller v. West Jersey & S.R.R. Co., 71 N.J.L. 363 (Sup. Ct. 1904). He may be liable though the place where the accident happened was public property, provided he asserted and maintained control of it. Skelly v. Pleasure Beach Corp., 160 A. 309 (Conn. 1932). The duty runs in favor of one who is not an invitee but who, like the plaintiff in the instant case, attends in the performance of a public duty. Restatement  Torts, § 345, illustration 2 and comment d. Cf. Barnett v. Atlantic City Electric Co., 87 N.J.L. 29 (Sup. Ct. 1915). But in order that the defendants be held liable, it must be shown that they had such degree of control that they could have averted the danger, or such superior knowledge that they should have foreseen and given warning of a danger not apparent to the plaintiff. For discussion of basis of liability to patron of amusement park, see Frear v. Manchester Traction, etc., Co., 139 A. 86; 61 A.L.R. 1280 (N.H. 1927).
Let us inquire what connection the defendants had with the soap box derby and what authority they exercised. The complaint charges, and the defendants admit, that they *56 "sponsored" the event. The import of the word "sponsor" is rather vague. Typical usage is the statement that Senator A sponsored certain legislation, or the B corporation was sponsor of a certain broadcast. The admission of sponsorship does not carry the implication that defendants had control of Pershing Avenue, or management of the Derby, or are legally responsible for the arrangements. There is little evidence showing what part the defendants played. Boys who desired to enter the contest could obtain entry blanks at the place of business of the individual defendant. A carpenter, who built a ramp that was used in the races, testified that he did the work at the request of a man who told him that he represented the Lions Club. Another witness testified that the Lions Club advertised the event in the newspapers. The chairman of an unidentified group referred to as the sponsoring committee, was asked, "What barriers did you provide to keep vehicles from leaving the course and running into spectators?" He replied that he turned that over to the chief of police and the fire company. The chief of police sat with the committee when plans for the affair were being made. The chief placed one of his lieutenants in charge and he posted the police officers, including the plaintiff. There was no evidence that the defendants controlled the situation.
The plaintiff leans heavily on Macon Telegraph Publishing Co. v. Graden, 53 S.E.2d 371 (Ga. 1949), where the complaint was sustained against demurrer. It charged that defendant, through its agent, conducted the soap box derby on a street set aside for defendant's use by the city authorities. From these and other allegations, the court determined that defendant was the occupier of the land, charged with the duty of keeping the premises safe. A somewhat similar case is Marth v. City of Kingfisher, 98 Pac. 436; 18 L.R.A. (N.S.) 1238 (Okla. 1908). The pleadings and proofs in the action before us do not bring it within the rationale of these decisions.
But even assuming that the defendants did have authority over the conduct of the races, in what were they negligent? They fully performed their duty when they persuaded *57 the police and fire departments to take charge of the arrangements for the safety of all concerned. Cf. Reisman v. Public Service Corp., 82 N.J.L. 464 (E. & A. 1911). No failure on the part of the police and fire departments to take proper precautions was shown.
We find no error in the judgment of dismissal. Affirmed.