16 N.J. Super. 576 (1951)
85 A.2d 292
SAMUEL TEMPLETON, PLAINTIFF-APPELLANT,
v.
BENJAMIN C. SCUDDER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1951.
Decided December 11, 1951.
*579 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. David Cohn argued the cause for appellant.
Mr. Harry E. Walburg argued the cause for respondent (Messrs. Cox & Walburg, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
On a motion for summary judgment the judge of the Law Division resolved that this action was not maintainable in that its subject matter was res adjudicata. An accordant judgment was entered, the legal propriety of which we are requested to review.
The following pronouncement is familiar: "But a matter is not res adjudicata unless there be identity of the thing sued for, of the cause of action, of the persons and parties, of the quality of the persons for and against whom the claim is made, and the judgment in the former suit be so in point as to control the issue in the pending action. To render a prior judgment res adjudicata the record must show that the issue was taken on the same allegations which are the foundation of the second action. The test is whether the proof which would fully support the one case would have the same effect in tending to maintain the other." Smith v. Fischer Baking Co., 105 N.J.L. 567, 568 (E. & A. 1929); Mershon v. Williams, 63 N.J.L. 398 (Sup. Ct. 1899); *580 Hoffmeier & Son v. Trost, 83 N.J.L. 358 (Sup. Ct. 1912); Windolph v. Lippincott, 107 N.J.L. 468 (E. & A. 1931).
Mindful of the foregoing judicial declaration, we bend our attention toward the pertinent facts of the present case. On July 4, 1949, the Glen Rock Independence Day Association, a corporation not organized for any pecuniary profit, in pursuance of its custom conducted patriotic services and a carnival on the grounds of the Glen Rock Public School, to which it invited the general public. In and about the area the association stationed temporary structures commonly designated as booths.
The plaintiff attended the carnival as an invitee and while there, a storm arose winged with a somewhat tempestuous gale which the plaintiff asserts dislodged portions of the booths and propelled them injuriously against him.
The plaintiff thereafter prosecuted an action against the Glen Rock Independence Day Association, Inc., and its alleged agent, Edward Heyer, to recover compensatory damages for his bodily injuries and incidental losses. The complaint accused the defendants of negligence:
"(1) in failing to employ competent servants, agents and employees to see that said carnival, exhibit and exhibition was conducted in a manner so as to see that the properties used in said exhibit were properly fixed and secured; (2) failure to see that a storm, squall or wind storm would occur and by its force uproot and remove same and cause painful and serious injuries to those lawfully upon the premises; (3) said defendants were guilty of recklessness, carelessness and negligence in the manner in which they secured their properties, exhibits, booths and other properties; (4) failure to take advantage of foreseeable conditions and danger reasonably to be foreseen which they knew and were chargeable with knowledge of, and were guilty of other acts of negligence which was the proximate cause of plaintiff's injuries."
At the conclusion of the plaintiff's branch of the case the alleged cause of action against the defendant Heyer was dismissed by the court, and the trial of the action against the association resulted in a jury verdict of no cause for action. A judgment was accordingly entered in favor of the defendants.
*581 The present action against the defendant Scudder was subsequently instituted by the same plaintiff also in quest of the recovery of compensatory damages for the same injuries and losses sustained as a result of the same cause on the same occasion. Mr. Heyer seems to have been individually drawn into the former action because he was president of the association. Mr. Scudder, the defendant in the present action, was and perhaps now is a member of the board of trustees of the association, and in 1949 he was chairman of the booth committee.
We note the intrinsic similarity of the allegations of the two complaints. In the present action the plaintiff again declares that the association was "in charge of said carnival and in connection therewith used booths and exhibits as part of the general scheme of the exhibition and carnival," but alleges that "the said booths were assembled and erected by this defendant, who was duty-bound at all times to see that the work was done in a proper manner and was further duty-bound to see that the same were firmly fixed to the ground and fastened and otherwise properly secured so as to prevent the same from becoming an instrumentality of danger and harm to those legally and lawfully upon the premises."
Paragraph 7 contains the allegations of negligence:
"7. Plaintiff charges said defendant with negligence in failing to erect and assemble said booths properly and securely and failing to employ competent servants, agents and assistants to see that same were properly erected and assembled, failing to properly secure and fix said booths, failing to foresee the presence of winds and other atmospheric conditions that would cause said booths to be moved from position so as to be an instrumentality of harm and injury, and charges that defendant was guilty of other acts of recklessness, carelessness and negligence, which was the approximate cause of the plaintiff's injuries and damage, failing to take advantage and foresee the danger reasonably to be foreseen which he knew and was chargeable with."
We observe that the interposition of the former judgment as an estoppel was pleaded in the answer filed by the defendant in the present case. The plaintiff's complaint *582 on its face adequately alleged a cause of action and made no reference whatever to the prior adjudication. Evidently for reasons of expedition the issue thus projected by the modern equivalent of the former plea in bar was presented to the court for determination before the trial by means of a motion for summary judgment based upon the ground that "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Rule 3:56-3. We perceive no objection to that course of procedure. It is in harmony with the pragmatical purpose of our present rules of practice and judicial administration. See, Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 61 L.Ed. 1148, 37 S.Ct. 506 (1917); Mabardy v. Railway Express Agency, Inc., 26 Fed. Supp. 25 (D.C. Mass. 1939).
Nonetheless is it necessary to emphasize that in such summary inquiries it must "palpably" appear that there is no factual issue. Mitchell v. Wrightstown Community Apartments, Inc., 4 N.J. Super. 321, 326 (App. Div. 1949); Hodes v. Dunsky, 5 N.J. Super. 333, 338 (App. Div. 1949); Lionshead Lake, Inc., v. Tp. of Wayne, 9 N.J. Super. 83 (App. Div. 1950); Templeton v. Glen Rock, 11 N.J. Super. 1 (App. Div. 1950).
There are some matters of fact, notably those relating to the intentions, motives, or the status of a party, the capacity in which he acted or his representative relationship, if any, to another, and such like, that are often too slender and delicate to be capable of a confident determination from the voiceless pages of self-seeking affidavits. We have that postulate in mind in our examination of the proofs submitted on the motion here under review.
The realization is inescapable that a corporation is an artificial entity which lacks the animation to function except through the activities of its officers, directors, agents, and servants, and so the complaint in the former action expressly alleged that the Association acted through its "servants and agents and person in charge * * *."
*583 The Law Division judge inferred from the testimony adduced at the former trial and from the affidavit submitted to him in support of the motion in the present action that Mr. Scudder was a trustee of the association and the chairman of the committee on booths, and that his participation in the erection of the booths was performed in his representative capacity as an agent and servant of the association.
"Where the right to relief in the one suit shall rest upon the same point or question which, in essence and substance, was litigated and determined (on its merits) in the prior suit, the parties and their privies are concluded, `not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' * * * Privity in the sense of this principle connotes such connection in interest with the litigation and the subject matter as in reason and justice precludes a relitigation of the issue. In a word, a litigant is entitled to his day in court, but not to relitigate an issue once determined by a valid judgment." (Parenthetical phrase ours.) Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704, 707 (E. & A. 1948).
The statement that masters and servants are not as such in privity is in its precisely technical acceptation doubtless true. 1 Freeman on Judgments (5th ed.), 1029, sec. 469. But the doctrine of estoppel by judgment or res adjudicata in its modern practical application embraces the principle that one person shall not a second time litigate not only with the same party but indeed with another who is so identified in interest with such party that he represents the same legal right on exactly the same controversial issue which has been obviously tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment in an action in personam in the former suit. Vide, Bigelow v. Old Dominion Copper Mining and Smelting Co., 225 U.S. 111, 56 L.Ed. 1009, 32 S.Ct. 641 (1912); United States v. California *584 Bridge Co., 245 U.S. 337, 62 L.Ed. 332, 38 S.Ct. 91 (1917); 30 Am. Jur. 977.
A quotation may be aptly appropriated from the opinion in the leading case of Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627 (Sup. Jud. Ct. 1855):
"To permit a person to commence an action against the principal and to prove the acts alleged to be trespasses to have been committed by his servant acting by his orders, and to fail, upon the merits to recover, and subsequently to commence an action against that servant and to prove and rely upon the same acts as a trespass, is to allow him to have two trials for the same cause of action, to be proved by the same testimony. In such cases the technical rule that a judgment can only be admitted between the parties to the record or their privies, expands so far as to admit it when the same question has been decided and judgment rendered between parties responsible for the acts of others."
In our own jurisdiction we have the opinion of the district court judge in Canin v. Kesse, 20 N.J. Misc. 371 (Dist. Ct. 1942). Compare, Carter v. Public Service Gas Co., 100 N.J.L. 374 (E. & A. 1924); Hummers v. Public Service Electric and Gas Co., 8 N.J. Misc. 689 (Sup. Ct. 1930), affirmed 108 N.J.L. 196 (E. & A. 1931).
Examining the pertinent adjudications in our sister states we discover a multiplication of decisions in which it has been resolved that a prior action against the master is a bar to the prosecution of a subsequent action against the servant implicating essentially the same subject matter, where the former action was entirely dependent upon the application of the doctrine of respondeat superior. It will be advantageous to cite a few of them: Wolf v. Kenyon, 242 App. Div. 116, 273 N.Y.S. 170 (App. Div. 1934); Jones v. Young, 257 App. Div. 563, 14 N.Y.S.2d 84 (App. Div. 1939); Giedrewicz v. Donovan, 277 Mass. 563, 179 N.E. 246 (Sup. Jud. Ct. 1932); Tighe v. Skillings, 297 Mass. 504, 9 N.E.2d 532 (Sup. Jud. Ct. 1937); Jones v. Valisi, 18 A.2d 179 (Sup. Ct. of Vt. 1941); Spitz v. Be Mac Transport Co., 334 Ill. App. 508, 79 N.E.2d 859 (App. Ct. 1948); Anderson v. West Chicago St. R. Co., 200 Ill. 329, 65 N.E. 717 (Sup. *585 Ct. 1902); Krolik v. Curry, 148 Mich. 214, 111 N.W. 761 (Sup. Ct. 1907); Fightmaster v. Tauber, 43 Ohio App. 266, 183 N.E. 116 (Ct. of A. 1932); Whitehurst v. Elks, 212 N.C. 97, 192 S.E. 850 (Sup. Ct. 1937); Jenkins v. Atlantic Coast Line R. Co., 89 S.C. 408, 71 S.E. 1010 (Sup. Ct. 1911).
Although counsel for the plaintiff-appellant failed to embody any allegation in the complaint in the present action or undertake to verify the existence of the fact at the hearing of the motion, he now on appeal proposes that the judgment ought to be reversed because he might at the trial be able to establish that the defendant Scudder occupied the legal status of an independent contractor. We do not think from our reading of the record that the evident relationship of principal and agent between the Association and the defendant Scudder was so challenged, if at all, as to create a genuine issue.
A motion for summary judgment is not unlike the unveiling of a statue. The motion substantially supported requires the opposition to remove the shielding cloak and demonstrate the existence of a controversial issue concerning a material fact.
The judgment under review is affirmed.