19 N.J. Super. 489 (1952)
88 A.2d 630
SHIRLEY CRAMMER, AN INFANT, ETC., AND ANOTHER, PLAINTIFFS-RESPONDENTS,
v.
WILLSTON OPERATING CO., INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1952.
Decided May 16, 1952.
*490 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Joseph F. Mattice argued the cause for the respondents.
Mr. Leonard Widman argued the cause for the appellant (Mr. George S. Skokos, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiff Shirley Crammer, 17 years old, and another girl, accompanied by their mothers, visited the defendant's roller skating rink one evening early in 1950. As the two girls were skating, hand in hand, a young man, coming rapidly from in back of them, skated between the two girls and they were both thrown to the ground. The plaintiff's nose was fractured and several of her front teeth broken off. In this suit against the company which operates the rink, the district court awarded to the young girl damages of $250 and to her father for medical expenses $150. Defendant urges that the judgment be reversed because the evidence did not establish that it was negligent or that its negligence was the proximate cause of the injury.
A person who invites others to come upon his premises is under a duty to exercise reasonable care for their protection. His duty extends to protection against the acts of third persons if he ought reasonably to have anticipated the *491 occurrence. Exton v. Central R.R. Co., 62 N.J.L. 7 (Sup. Ct. 1898), affirmed 63 N.J.L. 356 (E. & A. 1899); Bango v. Carteret Lions Club, 12 N.J. Super. 52 (App. Div. 1951), certif. den. 7 N.J. 347 (1951). The plaintiff specifies as negligence that the defendant failed to have enough attendants or guards on duty, and that those on duty were not alert enough.
The plaintiff and her witnesses testified that the rink was crowded and the skating very fast; that the guards had to slow the skaters down, and that there were some acts bordering on rowdyism. The attendant in charge "cautioned certain individuals prior to the incident" which occasioned the litigation. When plaintiff was thrown to the floor and injured, no attendant came to her assistance till five minutes had passed. The defendant presented proof that on the evening in question 249 patrons had been admitted, and that there were approximately 200 people on the premises at the time of the accident. That in the "trade" one guard for every 100 skaters is customary, but two guards for 250 are sufficient. Defendant ordinarily used three guards from Monday to Friday. There were two guards and one instructor in attendance the Tuesday evening when the accident occurred, but "the instructor was not acting as a guard on the rink at the time."
Observe that the defendant, according to its own proofs, had the very minimum number of guards on duty and fewer than the usual number employed by it. The inattention of those present, or their preoccupation with other matters, may be inferred from the lapse of time before they came to the aid of the injured girl. But had there been three guards on duty diligent to protect the patrons, would the event probably have been averted? It was unnecessary, in order to fix liability on the defendant, to prove that the particular act  the attempt to skate between the two girls  should have been expected. It was enough if the defendant ought to have anticipated such conduct on the part of some skaters as would cause bodily injury to others. Schumann v. *492 Horn & Hardart Baking Co., 8 N.J. Super. 153 (App. Div. 1950); Mitchell v. Friedman, 11 N.J. Super. 344 (App. Div. 1951). We are satisfied that the evidence justified that inference and also the inference that better policing of the rink would have deterred the thoughtless or uncivil skaters from conduct injurious to others.
The judgment is affirmed.