21 N.J. Super. 500 (1952)
91 A.2d 427
JOHN BANGO, PLAINTIFF-APPELLANT,
v.
DONALD WARD AND ROBERT FARISS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1952.
Decided October 1, 1952.
*501 Before Judges FREUND, STANTON and CONLON.
Mr. Robert C. Gruhin argued the cause for the appellant.
Mr. John C. Stockel argued the cause for the respondent Robert Fariss.
The opinion of the court was delivered by CONLON, J.C.C.
The plaintiff appeals from a summary dismissal by the Middlesex County Court in favor of the defendant Robert Fariss. The action against the defendant Donald Ward is not now in issue.
The complaint, so far as the defendant Fariss is concerned, is based upon the allegation that on August 14, 1948 the defendant "was responsible for arrangements made in connection with soap box derby race held in the Borough of Carteret, New Jersey, which course was on and over a public street known as Pershing Avenue." It is further alleged that the plaintiff while performing his duties as a police officer was injured when struck by the vehicle of Donald Ward, one of the youthful contestants, which had deviated from the course, and that defendant was negligent in not having provided adequate safety controls and devices.
On motion for summary judgment the following facts were not in dispute: The incident had been the subject of a prior suit by the plaintiff against the Carteret Lions Club which conducted the soap box derby and one William Starr who was alleged to have been the sponsor of it, and at the *502 conclusion of the plaintiff's case a judgment of dismissal was entered. That ruling was thereupon appealed and the action of the trial court affirmed by the Appellate Division in an opinion of Judge Bigelow. Bango v. Carteret Lions Club, 12 N.J. Super. 52 (App. Div. 1951). Thereafter, an application for re-argument was denied by the Appellate Division, as was a petition for certification by the Supreme Court.
It further appeared without contradiction that in the instant case the defendant Robert Fariss acted in connection with the derby for and on behalf of the Lions Club as general chairman and coordinator of the activities of the other members of the club.
It is unnecessary to belabor the propriety of the trial court's action in entering the judgment of dismissal. Pending this appeal the Appellate Division has determined the same issue in an opinion by Judge Jayne in Templeton v. Scudder, 16 N.J. Super. 576 (App. Div. 1951). In that case the plaintiff had previously brought suit against the Glen Rock Independence Day Association, Inc., for injuries sustained under circumstances similar to those here presented. After an adverse jury verdict the plaintiff brought suit against the defendant Scudder who was a member of the board of trustees of the association. The entry of a summary judgment of dismissal in favor of Scudder was affirmed on the ground that the action against him was barred by estoppel by judgment or res adjudicata. In that connection Judge Jayne said (page 583):
"But the doctrine of estoppel by judgment or res adjudicata in its modern practical application embraces the principle that one person shall not a second time litigate not only with the same party, but indeed with another who is so identified in interest with such party that he represents the same legal right on exactly the same controversial issue, which has been obviously tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment in an action in personam in the former suit." (citing cases)
The action of the trial judge in the instant case in entering a summary judgment of dismissal was in accord with the *503 subsequent determination of the Appellate Division in Templeton v. Scudder, supra.
The defendant further contends that since the Lions Club is an unincorporated association the plaintiff has the right to proceed against either the association or the individual members thereof by virtue of the statute relating to actions against unincorporated organizations. R.S. 2:78-1, now N.J.S. 2A:64-1. The fifth section of that statute provides as follows:
"Nothing in this chapter contained shall be construed to prevent any person having a cause of action against an unincorporated organization or association, for which the members thereof or any of them are personally liable, from proceeding against the members so liable in the manner authorized by law."
The fallacy in the plaintiff's contention is that an action against individual members is contingent upon the existence of a cause of action against the association. It has already been determined that no cause of action against the association exists in this case.
Plaintiff's action is barred by the adverse judgment in the prior suit and the judgment under review is affirmed.