**George Leighton PHILLIPS, Plaintiff-Appellee,**

v.

**Leo A. SELTZER, Defendant-Appellant.**

**No. 74, Docket 24176.**

United States Court of Appeals Second Circuit.

Submitted Dec. 5, 1956.

Decided Feb. 4, 1957.

Brendan C. Kelly, of Mendes & Mount, New York City, for defendant-appellant.

John E. Morris, New York City (Joseph A. Doran, New York City, of counsel), for plaintiff-appellee.

Before CLARK, Chief Judge, and FRANK[1] and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

■ The plaintiff brought action for personal injuries sustained in a fall near the parking lot of a New Jersey State Armory, which had been leased to defendant and his two partners for seventeen days for the staging of roller derby exhibitions. Federal jurisdiction is based on diversity of citizenship. Plaintiff was making his way at night from his parked car toward the ticket window when he fell into a recessed driveway, unlighted and without signs or guard rails. After trial to the court Judge Edelstein awarded plaintiff damages and costs in the sum of $20,851. D.C.S.D.N.Y., 133 F.Supp. 721. The chief issue on appeal is whether under New Jersey law, which we follow since the accident took place in New Jersey, the State of New Jersey, rather than the defendant-lessee, was liable for a dangerous condition of the premises. Subordinate questions are raised concerning the sufficiency of the evidence, the court's refusal to find contributory negligence, and the amount of damages awarded.

■ While the lease was somewhat ambiguous as to whether defendant and his partners rented the outside premises as well as the first floor of the building, there is no question but that all parties to the lease contemplated use of the parking space around the building by patrons of the exhibition. Defendant's answer admitted that the invitation to the public included use of the parking facilities and the area leading to the ticket windows. Control over these facilities was indicated by the testimony of defendant's manager and the firm hired an employee to direct parking. From all the evidence the court could infer that the public was clearly invited to use the area where plaintiff fell for ingress to the building.

Under New Jersey law defendant, even if not a lessor of the grounds surrounding the building (which we believe he was), is liable where he induces persons to come upon his premises, "though the place where the accident happened was public property, provided he asserted and maintained control of it." Bango v. Carteret Lions Club, 12 N.J.Super. 52, 79 A.2d 57, 58, citing Skelly v. Pleasure Beach Park Corp., 115 Conn. 92, 160 A. 309.

■ There was ample evidence that the place of the accident was insufficiently lit, and Colonel Becker's undisputed testimony showed that in prior years

---

1. Judge Frank heard oral argument and participated in the decision of this case, voting to affirm. He died before this opinion was written.

when the area was used by the general public under National Guard auspices he either taped off this area or parked a car there to prevent persons from falling into the driveway. Nor did Judge Edelstein err in absolving plaintiff of contributory negligence. In view of the lighting and layout of the area plaintiff was not unreasonable in choosing his course and persisting in it even after the ground began to slope. The slope was gradual; there was no alternative route which did not slope; there was no sign to suggest a better course.

Plaintiff, while he lost no wages and possibly will lose none in the future because of the injury, has lost one-third use of one limb. We do not think an award of approximately $20,000 for this permanent injury can be held to be excessive as a matter of law.

Affirmed.