93 N.J. Super. 179 (1966)
225 A.2d 369
FRANK A. MOSS, PLAINTIFF-APPELLANT,
v.
ROBERT P. JONES, DEFENDANT-RESPONDENT, AND LANGER TRANSPORT CORPORATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1966.
Decided December 7, 1966.
*181 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Charles A. Cohen argued the cause for appellant (Messrs. Supnick and Bezich, attorneys).
Mr. Michael A. Orlando argued the cause for respondent (Mr. Samuel P. Orlando, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
Is a plaintiff precluded from proceeding with a separate personal injury negligence suit against an alleged principal by reason of his having sued the alleged agent alone in a prior action, wherein he obtained a judgment against the alleged agent, which remains unsatisfied? The trial court ruled that he was and granted a pretrial motion dismissing the suit against the alleged principal. Plaintiff appeals from the judgment of dismissal.
On August 12, 1962 plaintiff suffered personal injuries when struck by an automobile negligently operated by Samuel V. Jones. He instituted suit against Samuel V. Jones alone in the Law Division on October 2, 1962. Trial of the action resulted in a jury verdict in plaintiff's favor in the sum of $20,000. Judgment was entered thereon on October 9, 1964 and remains unsatisfied.
On July 7, 1964, before the above action came to trial, plaintiff filed a separate suit in the Law Division for the same injuries against Robert P. Jones, the owner of the automobile which struck him. He sought therein to hold this defendant Jones under the doctrine of respondeat superior. He charged in his complaint that Samuel V. Jones, the driver, *182 was the agent, servant and employee of Robert P. Jones, the owner. Plaintiff joined as a defendant in this latter suit Langer Transport Corp., asserting that it had negligently parked its trailers and trucks, so that vehicular and pedestrian traffic could not safely travel along Master Street where the accident occurred, thereby contributing to the happening.
Although the latter suit was filed before the earlier one was tried, no motion was made to consolidate the cases for trial. We inquired at oral argument as to why consolidation was not sought. Plaintiff's attorney advised us that the judicial policy in Camden County is to deny such an application, when motion therefor is made close to the date of trial of the substantially earlier suit. Herein, the first action had been pending almost two years before the second suit was filed. For this reason, a motion to consolidate was not made.
In May of 1966 Robert P. Jones, defendant in the later suit, moved for summary judgment dismissing the complaint on the sole ground of plaintiff's having prosecuted to judgment the earlier suit against Samuel V. Jones, the alleged agent, servant and employee of Robert P. Jones. Plaintiff's attorney filed an affidavit, not contradicted, in which he stated that no part of the $20,000 judgment against Samuel V. Jones had been paid, the full amount was due and owing, and the judgment was in full force and effect. The trial court granted defendant's motion and summary judgment was entered on June 9, 1966, dismissing the first count of the complaint in which recovery was sought against defendant Robert P. Jones under the doctrine of respondeat superior.
Since the suit was still pending as to the other defendant Langer Transport Corp., application to our court for leave to appeal the summary judgment in favor of Robert P. Jones was made and granted. This appeal followed.
In granting summary judgment, the trial court ruled that plaintiff's recovery of a judgment against the agent operated as an election to hold that party alone and precluded an action against the principal, absent a showing that at the time of such recovery the third party did not have knowledge *183 of facts pertinent to his rights. The court found that plaintiff knew that Samuel V. Jones was the driver and Robert P. Jones was owner of the vehicle, and had asserted in his second suit that a relationship of principal and agent or master and servant existed between them. Reliance was placed by the trial court upon some out-of-state cases and upon the following decisions in our jurisdiction: Templeton v. Scudder, 16 N.J. Super. 576 (App. Div. 1951); Canin v. Kesse, 20 N.J. Misc. 371, 28 A.2d 68 (D. Ct. 1942); Coles v. McKenna, 80 N.J.L. 48 (Sup. Ct. 1919); Tabloid Lithographers, Inc. v. Israel, 87 N.J. Super. 358 (Cty. Ct. 1965).
The New Jersey cases relied upon by the trial court are not apposite. The Templeton and Canin decisions were not concerned with the right of an injured plaintiff to bring separate suits against the principal and agent for the tortious conduct of the agent, but rather with the applicability of the doctrine of res judicata, when suit is brought unsuccessfully against the principal or agent and then it is sought to hold the other liable. For example, in Canin Judge Collester ruled that where an automobile accident has been the subject of a suit against the owner because of the negligence of the latter's servant, which resulted in a verdict for defendant owner, another suit against the driver individually cannot be maintained because the matter is res judicata. We are not concerned herein with the issue of res judicata.
Coles v. McKenna and Tabloid Lithographers, Inc., v. Israel are also not pertinent and are readily distinguished. They were contract cases, in which the remedy against the principal or agent was in the alternative. Under familiar principles of agency law, if an agent discloses his principal and acts within his authority, suit can be brought only against the principal. If the agent does not disclose his principal and purports to be acting for himself, the third person, upon ascertaining the principal-agent relationship, has an alternative remedy, i.e., he may elect to hold the agent personally liable, or he may sue the principal. He is then bound by his choice of remedy. If the existence of the principal is not known *184 until after an unsatisfied judgment against the agent, then the undisclosed principal may be sued, notwithstanding the judgment against the agent. But these rules are applicable to actions founded upon debt or contract.
Tort liability of a principal and agent, on the other hand, is both joint and several. This simply means, as expressed in Harris, Pleading and Practice in New Jersey (rev. ed. 1939), § 229, p. 239:
"Where an injury is caused by the negligence of a servant acting in the line of his employment, a joint action may be maintained against the servant and the master, or against either of them separately."
See, too, Whalen v. Pennsylvania R.R. Co., 73 N.J.L. 192 (Sup. Ct. 1906).
Compare the situation of joint obligors, as distinguished from a case where parties are jointly and severally liable. In the former, all joint obligors must be sued in the one action. They are necessary parties and a failure to join one or more will entitle a party joined to move for relief under the rules on the ground of nonjoinder of parties. Where the liability is several, all parties are proper, but not necessary. They may be sued together or separately. That is the rule in the case of tort liability.
Nor does the fact that plaintiff first brought suit against the driver alone and obtained a judgment against him constitute a valid reason for dismissing the action as to the defendant owner. Sherwood v. Huber, 286 Ky. 775, 151 S.W.2d 1007 (Ct. App. 1946). There may be several judgments and against different persons for the same obligation or liability, so long as there is only one satisfaction or recovery. Pennsylvania Greyhound Lines v. Rosenthal, 14 N.J. 372, 385 (1954); Losito v. Kruse, 136 Ohio St. 183, 24 N.E.2d 705 (Ohio Sup. Ct. 1940).
Defendant argues that the policy of our courts is against multiple litigation. He cites Ajamian v. Schlanger, 14 N.J. 483 (1954), and Falcone v. Middlesex County Medical Society, 47 N.J. 92 (1966). But those cases involved the question *185 of whether a plaintiff may fragmentize his claims against the same defendant, by seeking a measure of relief in one suit and, having obtained it, thereafter seek additional relief in a second suit by reason of the same alleged wrong. The Supreme Court said that he may not; that a plaintiff should seek all of his relief against the same defendant for the alleged wrong in his initial action. We have a different situation herein, because the second action is against a different person and pursuant to the rule of several liability.
R.R. 4:32-4, dealing with the joinder of parties, makes it optional with the plaintiff to join as another defendant one who is "liable severally or jointly and severally on a claim." Thus, there is nothing mandatory as to joinder, when liability is several or joint and several.
We conclude that a person injured by the negligence of an agent or servant may sue the agent or servant and the principal or master in one suit, or may proceed against them in separate suits, and the recovery of a judgment, not satisfied, against the agent or servant does not bar a separate suit against the principal or master.
Accordingly, the judgment under review is reversed and the matter is remanded to the Law Division for trial.