162 N.J. Super. 575 (1978)
394 A.2d 114
NEWARK PARAFFINE PAPER COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
EDWARD W. DUGAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1978.
Decided October 4, 1978.
Before Judges CONFORD, PRESSLER and KING.
Mr. Ernest Prupis argued the cause for the appellant (Messrs. Weltchek, Prupis & Ritz, attorneys; Mr. Philip B. Vinick on the brief).
*576 Mr. Douglas S. Brierley argued the cause for the respondent (Messrs. Schenck, Price, Smith & King, attorneys; Mr. William R. Albrecht of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Plaintiff-landlord appeals from the dismissal, following trial, of its complaint which sought post-possession rent and other damages resultant from the breach of its industrial leases with its alleged tenant, defendant Edward W. Dugan. We are satisfied that the judgment entered in favor of defendant rested upon a legally untenable basis. We are further satisfied that the trial judge's failure to resolve by a clear and unequivocal finding the essential disputed fact requires our remand for that purpose and, if he should resolve that factual controversy in plaintiff's favor, for assessment of damages.
The two three-year leases here in question were executed in early 1973. The named tenant was Edward W. Dugan, t/a Dugan & Co. Edward W. Dugan was, as a matter of fact, doing business by way of his corporation, Dugan & Co. Corporation. In January 1975, about two years after the commencement of the term of the leases, the tenant defaulted in the monthly payment of rent. In that same month Dugan & Co. Corporation, then insolvent, executed a general assignment for the benefit of creditors, pursuant to N.J.S.A. 2A:19-1 et seq., notice of which was sent to plaintiff. Plaintiff, although never filing a claim with the assignee pursuant to N.J.S.A. 2A:19-22 et seq., nevertheless, by its attorney, advised the assignee of its assertion of its landlord's lien on corporate assets left on the premises in respect of unpaid rent accrued as of the termination of the tenant's actual possession thereof. It ultimately settled that asserted lien, not with the assignee but rather with another creditor secured by those assets, realizing approximately $2,400, a sum less than the month's unpaid rent in respect of which the lien was asserted. The amount sought *577 in this complaint for post-possession damages amounted to an alleged sum of aproximately $66,000.
It was plaintiff's contention throughout that it had negotiated and executed the leases with defendant personally as the tenant and had no knowledge of even the assertion that its tenant was a corporation until it received the notice of assignment. It insisted further that had it been made aware by Dugan of a proposed or actual corporate tenancy it would have required, in accordance with its usual practice, that Dugan personally guarantee the corporate tenant's lease obligations. Although there is substantial support for this contention in the record, Dugan nevertheless maintained that he had made known to plaintiff from the outset the corporate status of the tenant and that his actions on its behalf in negotiating and executing the lease were those of a known agent acting on behalf of a disclosed principal. In this posture, the controversy as to the identity of the contracting tenant, whether an individual or a corporation, was one requiring resolution by the finder of fact and, as we have noted, no such finding was made.
The trial judge's reason for not making the finding in question was his conclusion that even if plaintiff had contracted with Dugan individually it would be barred by the doctrine of election of remedies from pursuing its post-possession damages for the breach against him rather than the corporation. And the operative conduct of plaintiff which induced the judge to find that it had made a binding election was its informal assertion of the landlord's lien and its settlement thereof directly with the other secured creditor.
In our view the doctrine of election of remedies was erroneously applied. The basis and application of that doctrine have been succinctly summarized by Professor Corbin as follows:
The view with respect to election of remedies that is now becoming the prevailing one and that ought to be accepted is that, where a party injured by a breach definitely manifests a choice of a remedy *578 that is actually available to him, in the place of some other alternative remedy, such a manifestation will bar an action for the latter remedy, provided that the party against whom the remedy is asked makes a substantial change of position in reliance on the manifestation of intention before notice of its retraction. This makes the conclusiveness of an "election" depend upon the existence of facts sufficient to create an "estoppel." Cases stating this view are now very numerous and hold either that the remedy asked was not barred because there was no basis for an estoppel, or that an election was conclusive only because such a basis had been proved. The mere bringing of a suit asking one remedy rather than another practically never affords ground for an estoppel and is not sufficient reason to deny an application for an alternative remedy. [5A Corbin, Contracts, § 1220 at 461-465 (1964); footnotes omitted]
In the precise context here involved, namely the application of the doctrine of election of remedies in respect of the liability of an agent for an undisclosed principal, the Restatement position is even more precisely stated. Thus, according to 2 Restatement, Agency 2d, § 337 at 96 (1958):
An agent who has made a contract on behalf of an undisclosed principal is not relieved from liability by the determination of the other party thereto to look to the principal alone for the performance of the contract. He is discharged from liability if the other obtains a judgment against the principal, or, to the extent that he is prejudiced thereby, if he changes his position in justifiable reliance upon the other's manifestation that he will look solely to the principal for payment.
The Restatement rule requires, therefore, the presence of one of two circumstances before the creditor is barred from seeking to hold the agent  either a judgment against the principal or, in accordance with the Corbin formulation, a change of position by the agent in justifiable reliance upon a manifestation by the creditor that he will look solely to the principal.
There is not the slightest suggestion in this record of the presence here of either of these two circumstances. First, not only was no judgment ever entered against the corporate principal but there was in fact never a suit brought against it. Even if the filing of a formal claim with the assignee for the benefit of creditors were regarded as tantamount to the filing *579 of an action against the corporation, the fact remains that plaintiff did not file any such claim. We note further that it is the entry of judgment against the principal which was the basis of the application of the doctrine in Tabloid Lithographers, Inc. v. Israel, 87 N.J. Super. 358 (Cty. Ct. 1965), and the basis of the dictum in Moss v. Jones, 93 N.J. Super. 179, 183-184 (App. Div. 1966), both of which decisions were relied on by the trial judge.
As to the second circumstance prescribed by the Restatement, there is not a scintilla of proof in this record that defendant Dugan changed his position in any way in reliance upon plaintiff's manifestation that he would look solely to the principal. Nor, indeed, was there any such manifestation on the part of plaintiff. Its settlement of its landlord's lien for so small a fraction of its total claim is hardly construable as a manifestation that it would look only to the principal for payment of the entire claim, particularly since the fraction of the total claim covered by the landlord's lien was a separate and divisible component thereof subject to a distinct and separate remedy.
We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.