MICHELLE T. FELT, SPECIAL ADMINISTRATRIX OF THE ESTATE OF E. H. BROWN, DECEASED, APPELLANT, *v.* MELINDA MEAGHER AND DOUGLAS R. PIKE, RESPONDENTS.

No. 12998

March 31, 1983                    660 P.2d 1006

*Thomas E. Shulman,* Las Vegas, for Appellant.

*Martin R. Boyers, Donald L. Wood,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of dismissal in an action to set aside a money judgment in a separate interpleader action. The sole issue presented is whether the district court erred in concluding that the action was barred because Felt had the opportunity to litigate her right to certain money proceeds in an action instituted by her in 1978. Because the district court's conclusion was erroneous, we reverse and remand.

Felt is the administratrix of the estate of one E. H. Brown, who was allegedly robbed and murdered by a William Cody in 1978. The subject matter of this appeal is the sum of $19,500, which apparently was deposited in an account at the Aladdin Hotel in Las Vegas by Cody in his own name and in that of respondent Meagher. Felt contends that the money was a portion of a larger sum taken from Brown by Cody.

Felt's claim to the money in the Aladdin account is one of multiple conflicting claims thereto. This case is the fourth in a series of cases regarding the proper disposition of the money. In the first such case, Meagher, unable to withdraw the money from the Aladdin account, retained respondent Pike, an attorney, to retrieve the fund. On March 2, 1978, Cody executed a confession of judgment in favor of Pike. Shortly thereafter, Pike executed upon and obtained the $19,500 in the account.

The second lawsuit was initiated by Felt on March 24, 1978, to marshal her decedent's assets, including the money in the Aladdin account. Cody, Meagher, and another party were named as defendants, but only Cody was served with process. Felt eventually obtained a money judgment against Cody.

Subsequently, Cody asserted that he was entitled to the money previously contained in the Aladdin account. In light of

the conflicting claims, Pike filed the third lawsuit, an interpleader action. Pike named as defendants Cody and Meagher, but not Felt. Only Meagher filed an answer. On March 16, 1979, the district court entered a judgment awarding $13,000 to Meagher and $6,500 to Pike. Felt subsequently moved to intervene in the interpleader action, but her motion was denied as untimely.

Felt then filed this lawsuit, an independent action to vacate the judgment in the interpleader action, claiming that the judgment was obtained by extrinsic fraud on the part of Pike and Meagher. Pike and Meagher moved to dismiss Felt's independent action on four separate grounds. The district court dismissed this lawsuit, stating as follows:

> Since [Felt] had a full and fair opportunity to litigate the issue [of her entitlement to the money in the Aladdin account] in [her 1978 action], it matters not that [Meagher] did not participate in the prior proceeding, although she was named as a defendant, but not served despite the fact she was within the jurisdiction at all times. Therefore . . . [Felt's] complaint should be dismissed according to the doctrine of collateral estoppel.

We disagree with the district court's reasoning.

The doctrine of collateral estoppel generally provides that issues which have actually been decided against a party in a prior proceeding may be relied upon by an opponent in a subsequent case, even though the opponent was not a party to the prior action. Norman v. Murray First Thrift & Loan Co., 596 P.2d 1028 (Utah 1979). Here, the issue of Felt's entitlement was *not* decided against her in the 1978 action to marshal the money in the Aladdin account. On the contrary, the issue was decided in Felt's favor. Consequently, although Felt could have litigated her claim against Meagher as well as Cody in her 1978 lawsuit, Meagher may not invoke the doctrine of collateral estoppel to prevent Felt from pursuing the case at hand. *See* Moss v. Jones, 225 A.2d 369 (N.J.Super.Ct.App.Div. 1966) (plaintiff not precluded from suing automobile owner by reason of his having sued driver alone in prior action wherein plaintiff obtained a judgment that was unsatisfied). Accordingly, the judgment of the district court is reversed, and the matter is remanded for further proceedings:

Reversed and remanded.[1]

---

[1]CHIEF JUSTICE NOEL E. MANOUKIAN voluntarily disqualified himself from the decision in this case.