ABRAHAM FISCHMAN, PROSECUTOR, v. JOSEPH FISH & COMPANY, DEFENDANT.

Argued September 10, 1938—Decided September 15, 1938.

Before Justice PARKER, sitting alone pursuant to statute.

For the prosecutor, *Michael Silver*.

For the defendant, *Newton H. Porter, Jr.*

PARKER, J. The writ is directed to review an order made August 4th, 1938, by the Court of Common Pleas of Essex county adjudging that a notice of appeal from an award under the Workmen's Compensation act had been filed within the time limited by law and therefore refusing to dismiss said appeal.

The dispute in the case revolves around the question whether the judgment in workmen's compensation is the determination by the commissioner or deputy commissioner (in this case making an award) or the docketing thereof in the Court of Common Pleas. That court seems to have held that the judgment to be appealed from was the latter.

The history of the case in a general way is that back in 1931 there was an award of sixty-six and two-thirds per cent. disability which seems to have been paid. Then there was a petition for increased disability and an award made by a deputy commissioner on February 28th, 1938. Notice of appeal was served on March 21st, within the thirty days provided by statute, and filed in the bureau on March 30th, which was also within the thirty days. However, that notice of appeal was not filed in the county clerk's office until April 7th, which, of course, was too late. Application was made to direct the filing *nunc pro tunc,* which was denied. 16 *N. J. Mis. R.* 316. A *certiorari* to this denial was refused by me and also by the Supreme Court.

At this point I take up the section of the statute which is numbered 34:15-58 of Revised Statutes. This provides that "a statement containing the date and place of hearing, together with the judgment of the commissioner, deputy commissioner or referee, shall be legibly written in ink or type-written and filed in the office of the secretary at Trenton, by the officer hearing such cause, which statement, together with the petition and answer, shall constitute the record of the cause." This would seem to indicate the definite entry of a judgment in the office of the commissioner at Trenton. Then the statute goes on to say, "A *copy of the judgment* of the Commissioner, * * * if the judgment results in an award to the petitioner, shall, as soon as practicable after *the same* is rendered, be filed in the office of the clerk of the county

in which the hearing was held, and when so filed, shall have the same effect and may be collected and docketed in the same manner as judgments rendered in causes tried in the Court of Common Pleas." Now what happened was that after the two applications for *certiorari* and the refusal of the Common Pleas to direct the filing of an appeal notice *nunc pro tunc* had been denied, the attorney for the petitioner conceived the idea that the judgment mentioned in the statute already quoted and entered in Trenton was not really the judgment, but that the judgment in the case would be the docketing of the judgment of the commissioner in the county. clerk's office, and this seems to have been held in the present case by the Court of Common Pleas. I am unable to concur in this view of the matter, however. Not only is the language of the statute already quoted apparently clear as to the judgment which is to be appealed, but the last sentence of the same section reads: "The judgment of the bureau shall be final and conclusive between the parties and shall bar any subsequent action or proceeding, unless reopened by the bureau or appealed as hereinafter provided."

The main purpose of permitting the judgment of the bureau to be docketed in the county clerk's office would seem to be, first, to make the bureau judgment a lien on lands, and, secondly, to set matters in train for an enforcement, if necessary, by execution. It is argued that the statute in providing for a thirty days' limit cannot intend to date the thirty days from the rendition of the judgment in the labor bureau because of some incidental provisions about fifteen days being allowed for filing, but I cannot see any force in these suggestions. It is elemental that in the case of ordinary judgments at common law the parties concerned are bound to take notice of them as soon as they become a matter of record, and I apprehend that such is the situation here. So my conclusion on the general merits of the matter is that the docketing of the award of the commissioner in the Common Pleas is merely a docketing and nothing more; that the facts of the docketing and its date have nothing to do with the procedure of taking an appeal; that the "thirty days after judgment has been rendered" (see *Rev. Stat.* 34:15-66) mean

thirty days after the filing of the determination of the commissioner in the office of the secretary at Trenton; and where the section last cited speaks of the filing of notice of appeal as staying the execution of the judgment, it means the enforcement of the judgment of the commissioner by execution pursuant to docketing.

As a result of these considerations, I conclude that the order by the Court of Common Pleas on the 4th of August, 1938, refusing to dismiss an "appeal," which was taken promptly after the docketing, but more than thirty days after the original judgment of the bureau, was erroneous and must be set aside, with the suggestion to that court that the second "appeal" be dismissed.