FOSTER V. BROWN, DEFENDANT-RESPONDENT, v. ALLIED PLUMBING AND HEATING CO., RESPONDENT (WHOSE APPEALS TO UNION COUNTY COURT OF COMMON PLEAS IMPLEADED), AUGUST ARACE AND SONS, INC., PROSECUTOR-APPELLANT.

———

FOSTER V. BROWN, PROSECUTOR-APPELLANT, v. ALLIED PLUMBING AND HEATING CO., DEFENDANT-RESPONDENT.

Argued May 20, 1943—Decided September 16, 1943.

———

For the appellant August Arace and Sons, Inc., *Henry Grosman* and *Isidor Kalisch.*

For the appellant and respondent Foster V. Brown, *David Roskein, Nicholas A. Tomasulo* and *Harry Cohn.*

For the respondent Allied Plumbing and Heating Co., *Cox & Walburg* and *Arthur F. Mead.*

The opinion of the court was delivered by

DONGES, J. The judgments under review will be affirmed. We conclude that the conclusions of fact stated in the

opinion of Mr. Justice Porter, reported at 129 *N. J. L.* 442, have ample support in the testimony, and they will not be disturbed.

Appellant August Arace and Sons, Inc., argues in this court that the appeal to the Union County Court of Common Pleas, so far as it related to Arace, should have been dismissed because no appeal was taken from the determination of the Bureau as to the liability of Arace for payment of compensation to Brown, and, further, that jurisdiction over a subject-matter may not be conferred by waiver.

It is well settled in this state that jurisdiction over the subject-matter may not be conferred by consent or by waiver, where the tribunal otherwise has no jurisdiction over the subject-matter. *De Feo* v. *Recorder's Court of Belleville,* 129 *N. J. L.* 549.

However, we are not met with either of these difficulties. The Bureau and the Court of Common Pleas have jurisdiction of the subject-matter involved herein, when the parties are properly before those tribunals. Admittedly both Allied Plumbing and Heating Co. and appellant August Arace and Sons, Inc., were properly brought into the Workmen's Compensation Bureau. The only question for determination is as to the jurisdiction of the Union County Court of Common Pleas to hear the appeal as it affected Arace and to reverse the determination of the Bureau that Arace was not liable for any payments to the original petitioner Brown. Was Arace in that court?

Arace argues that the notice of appeal to the Common Pleas was not in time to effect an appeal from the determination in its favor. We conclude that this is not deducible from the record before us. As found by Judge McGrath in the Pleas and by the Supreme Court, the petitions originally filed had been consolidated in the Bureau and thereafter there was a single proceeding. The state of case does not conform to the rules of this court, because the time of filing the several papers does not appear. Rule 21 of the Court of Errors and Appeals.

In *Fischman* v. *Joseph Fish & Co.,* 121 *N. J. L.* 3, Mr. Justice Parker construed *R. S.* 34:15–58 as requiring the definite entry of a judgment in the office of the commissioner

at Trenton. When such judgment was entered does not appear in the state of case. In the absence of proof to the contrary, we must assume that Judge McGrath had the necessary proofs before him and acted in accordance therewith. There was at that time a single proceeding. All parties were duly noticed of the appeal and, as stated, it will be assumed, in the absence of contrary proof that it was within thirty days of the entry of the judgment. As stated in the Fischman case, it is the entry of judgment, that is, the filing of the determination of the commissioner in "the office of the secretary at Trenton, by the officer hearing such cause," and not the time of the writing of the conclusions of the commissioner, deputy commissioner or referee, that fixes the time when the thirty days for appeals begins to run.

As stated, the parties were properly in the Bureau and the matters were consolidated and thereafter proceeded as a single cause. Allied was dissatisfied with the result in the Bureau and took an appeal. It was a party in interest and was within its rights to appeal from a judgment that imposed a greater liability than was proper. We conclude, therefore, that the notice of appeal was sufficient, in the circumstances, to give the Union County Court of Common Pleas jurisdiction of the subject-matter and of the parties.

The judgments under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—None.