RAPHAEL SILVERBERG, PROSECUTOR, v. FEDERAL SHIP-BUILDING AND DRYDOCK COMPANY, DEFENDANT.

Argued January 20, 1948—Decided March 31, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Joseph Butt.*

For the defendant, *Stryker, Tams & Horner (William L. Dill, Jr., and John J. Monigan, Jr.,* of counsel).

The opinion of the court was delivered by

EASTWOOD, J.    Prosecutor seeks a writ of *certiorari* to review a judgment of the Essex County Court of Common Pleas dismissing prosecutor's partial appeal of the Workmen's Compensation Bureau's refusal to make an allowance for medical and surgical expenses, on the ground that the same were not authorized by the defendant herein.   No appeal was taken from that portion of the award granting prosecutor compensation for partial permanent disability.   The appeal was dismissed by the Pleas on two grounds: (1) that appel-

lant had failed to prosecute his appeal in accordance with Revised Statutes of New Jersey 34:15–66, and (2) that appellant had accepted payment of the judgment entered in his favor from the Workmen's Compensation Bureau; that the judgment had, therefore, been satisfied, and there was no basis on which to ground the appeal.

*R. S.* 34:15–66, as amended by *Pamph. L.* 1945, *ch.* 74, *p.* 397, § 17, requires that the notice of appeal shall be filed with the secretary of the Bureau and with the clerk of the county where the accideut occurred within thirty days after the entry of judgment. Prosecutor filed his notice of appeal on December 7th, 1946, within the prescribed time. The statute further provides:

"* * * The appellant shall, within fifteen days after filing notice of appeal, send to the clerk of the court of common pleas of the county in which the accident occurred, a transcript of the record and testimony in the cause, which transcript shall be prepared by appellant and submitted to the secretary of the bureau for certification."

And further:

"* * * Any appeal may be dismissed by the judge if the transcript of the record and testimony is not transmitted, or if the appeal is not prosecuted in accordance with the provisions of this chapter."

The transcript of the record and testimony was not filed until March 26th, 1947, and we are not given any satisfactory explanation for the delay. The provisions of the cited statute with reference to the filing of the transcript of the record and testimony within fifteen days after the filing of the notice of appeal are clearly mandatory, and the burden is accordingly placed upon the appellant to see that the statutory requisites are strictly complied with. In the absence of any qualifying circumstances, justifying a relaxation of the statutory provisions, we are of the opinion that the appeal was properly dismissed by the Pleas.

In *Lepf* v. *Chambersburg Building and Loan Association,* 120 *N. J. L.* 535; 1 *Atl. Rep.* (2d) 49, Mr. Justice Trenchard speaking for the Supreme Court in construing chapter 149 of the laws of 1918, section 19, as re-enacted by *Pamph. L.*

1932, *ch.* 25, *p.* 38 (now embodied in *R. S.* 34:15–66, as amended) made the following succinct statement:

"* * * 'any such appeal may be dismissed by the judge of the Court of Common Pleas if the transcript of the *record* and testimoy is not transmitted, or if the appeal is not prosecuted in accordance with the provisions of this act.' We have pointed out that the petitioner did not transmit to the clerk of the Common Pleas Court a transcript of the record and did not prosecute the appeal in accordance with the provisions of the act."

We think the observation made by Mr. Justice Trenchard in *Lepf* v. *Chambersburg Building and Loan Association* is particularly apt to the case at bar.

In view of the foregoing we find it unnecessary to consider the additional defense of payment, advanced on behalf of the defendant.

The application is denied.