JEAN TEMPLE, PETITIONER-APPELLANT, v. STORCH TRUCKING COMPANY, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 10, 1956—Decided September 13, 1956.

398

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Robert C. Gruhin* argued the cause for appellant.

*Mr. Willard G. Woelper* argued the cause for respondent (*Messrs. Toner, Crowley, Woelper & Vanderbilt,* attorneys).

GOLDMANN, S. J. A. D.   This is an appeal from an order of the Hudson County Court dated December 1, 1955, granting respondent's motion for an order vacating and setting aside the rule for judgment originally entered in petitioner's favor in the Workmen's Compensation Bureau and filed in the office of the Clerk of Hudson County, and directing the County Clerk to expunge the entry of that judgment from his docket and records.   Petitioner also appeals from that part of the order denying her motion to stay the proceedings in the County Court pending final adjudication by the United States District Court for the District of New Jersey of an action she had brought against respondent's insurance carrier under the filed judgment for compensation, the complaint there alleging denial of due process of law in the courts of New Jersey.   This phase of the appeal was only passingly referred to in petitioner's brief and oral argument on appeal, supported by nothing more than the mere repetition of the argument that the denial of the request for a stay constituted a denial of due process.

An understanding of the involved and protracted course of this case through our courts calls for a reproduction at this place of our unpublished *per curiam* opinion of November 4, 1954:

"The present phase of this long litigated workmen's compensation proceeding represents an attempt to breathe life into an award long since judicially interred.   The matter formally comes before us on an appeal from the Hudson County Court which granted respondent's motion for an order relieving it from, and vacating and setting aside, the rule for judgment initially entered in the Workmen's Com-

pensation Bureau and docketed by petitioner in the Hudson County Clerk's Office on May 9, 1951.

"Although the appendix contains the County Court's opinion [29 *N. J. Super.* 492] granting respondent's application to expunge the judgment, it does not set out the order entered thereon. We overlook the omission and deal with the merits.

"On December 15, 1945 petitioner filed her dependent's claim petition in the Workmen's Compensation Bureau. Respondent company answered, there was a hearing, and thereafter rule for judgment was entered in petitioner's favor on August 5, 1947. Petitioner claims the date of entry was July 24, 1947, of which more hereafter. On September 4, 1947 respondent appealed the award to the Hudson County Court of Common Pleas, and that court affirmed. The employer then applied for and obtained a writ of *certiorari* in the former New Jersey Supreme Court, shortly before the effective date of the new judicial system. The matter came on for argument before the Appellate Division on January 3, 1949 and resulted in a reversal of the Common Pleas judgment. *Temple v. Storch Trucking Co., 2 N. J. Super.* 146 (1949). The mandate on reversal was filed with the Clerk of the Hudson County Court on April 12, 1949. Petitioner in turn appealed to the Supreme Court which affirmed the judgment of the Appellate Division on October 24, 1949. 3 *N. J.* 42. The mandate on affirmance from the Supreme Court was filed with the Clerk of the Hudson County Court on January 31, 1950. On the same date there was filed with the clerk a judgment, entered by the same County Court judge who had originally affirmed the determination of the Bureau, reversing the determination and order of judgment of the former Hudson County Court of Common Pleas and directing that judgment of dismissal be entered in favor of respondent company.

"In the face of all this, counsel for petitioner on May 9, 1951 caused to be entered in the office of the Clerk of Hudson County, without notice to respondent, a true copy of the original rule for judgment entered in the Workmen's Com-

pensation Bureau. *R. S.* 34:15–58. Several months later respondent first learned of the docketing of the Bureau judgment when it sought to obtain a mortgage on certain of its properties. Respondent at once obtained an order staying execution and performance of any proceedings to enforce the rule for judgment pending disposition of its notice of motion, returnable before the Hudson County Court, for an order vacating and setting aside the judgment. This motion was supported by affidavit, to which were attached the opinions of the Appellate Division and Supreme Court above referred to. The application was resisted, petitioner's counsel filing his opposing affidavit with annexed exhibits. The allegations of that affidavit constitute essentially the argument made in the brief filed with us. Respondent then filed its reply affidavit. The County Court, after considering all the affidavits and argument of counsel, granted respondent's application to vacate and set aside, and to expunge from the Hudson County Clerk's records, the original rule of judgment in the Bureau.

"Petitioner claims that the Bureau judgment is valid and enforceable; that the decisions of the Appellate Division and Supreme Court did not affect the judgment; that no judgment of any court was ever directed to the Bureau judgment of July 24, 1947, or was binding upon it; and that the County Court was without jurisdiction to vacate that judgment docketed in the county clerk's office.

"We find no merit in any of these points. Petitioner makes much of the fact that the successive appeals heretofore taken referred to a rule for judgment in the Bureau dated August 5, 1947, whereas there was, in fact, no such judgment but only the one dated July 24, 1947. The reason for this alleged mis-reference to the date of the rule for judgment is not made clear in the record; it may be that although the deputy commissioner made his determination of facts and rule for judgment on July 24, 1947, it was not filed in the office of the secretary of the Workmen's Compensation Bureau until August 5, 1947. It is the filing of the determination and rule for judgment in the office

of the secretary at Trenton that constitutes the entry of judgment. *Brown v. Allied Plumbing & Heating Co.*, 130 *N. J. L.* 487 (*E. & A.* 1943); *N. J. S. A.* 34:15–58. The argument as to the wrong date reference is now raised for the first time. It was never mentioned in any of the proceedings up to and including the Supreme Court decision. It is perfectly clear that petitioner knew what judgment of the Bureau was being appealed to the Common Pleas, and later to the Appellate Division and Supreme Court, for admittedly there was only one rule for judgment in the Bureau that made any award to petitioner for the death of her husband. Counsel for petitioner cannot be heard to complain about an alleged mis-reference to the date of the Bureau rule for judgment when, as the person who managed the litigation from first to last, he of all people would be the one to know just when the determination and rule for judgment of the deputy commissioner was filed with the secretary of the Bureau at Trenton.

"In order to support the argument that the original rule for judgment in the Bureau is still valid and enforceable, petitioner revives the same arguments as were raised in the Supreme Court. For example, petitioner contends that the appeal from the Bureau to the Common Pleas Court was mistakenly taken because the accident happened in New York and not in New Jersey, and therefore the review of the award should have been by writ of *certiorari* directed by the former Supreme Court to the Bureau. The Supreme Court considered this argument on the merits, even though it was belatedly raised in that court, and resolved the matter against petitioner. 3 *N. J.* 42, 44–45 (1949).

"The judgment entered by the Hudson County Court on January 25, 1950, reversing the determination and order of judgment of the former Hudson County Court of Common Pleas and directing that judgment of dismissal be entered in favor of respondent, was in complete conformity with the opinions and mandates of the Appellate Division and Supreme Court. That judgment is valid, conclusive and binding. When it was filed with the clerk of the Hudson

County Court on January 31, 1950, the Bureau judgment was superseded and became without force and effect.

"When counsel for petitioner filed the Bureau rule for judgment in the Hudson County Clerk's office on May 9, 1951 he did so pursuant to *R. S.* 34:15–58 which, as it then read, provided:

" '* * * A copy of the judgment of the commissioner, deputy commissioner or referee, if the judgment results in an award to the petitioner, shall, as soon as practicable after the same is rendered, be filed in the office of the clerk of the county in which the hearing was held, and when so filed, shall have the same effect and may be collected and docketed in the same manner as judgments rendered in causes tried in the court of common pleas. * * *' "

The result of the filing was to create a conflicting record in the county clerk's office. On the one hand, there was the record of the judgment filed January 31, 1950, reversing the determination and order of judgment of the former Common Pleas Court and entering the judgment of dismissal in respondent's favor. After this action was taken by the County Court, it could not be contended that the rule for judgment which was the basis of the original appeal to the Common Pleas Court, was still effective. On the other hand, there was a record of this very rule for judgment in the Bureau. This conflicting record could not be allowed to stand. In vacating and setting aside, and in effect expunging, the Bureau judgment so filed in the county clerk's office on May 9, 1951, the County Court was vindicating its previous action taken on the basis of the mandates that had come down from the Appellate Division and Supreme Court.

"Clearly, what petitioner has sought to do here is to have her claim re-opened and tried anew after it had been fully tried and adjudicated. This she cannot do.

"Appeal dismissed."

Following the coming down of this opinion affirming the February 10, 1954 determination of the Hudson County

Court and dismissing petitioner's appeal, the mandate of the Appellate Division issued on November 16, 1954, remitting the record to the County Court to be proceeded with in accordance with the rules and practice relating to that court, consistent with our opinion. Thereafter, on December 2, 1954, petitioner filed a notice of petition for certification with the Supreme Court seeking to review our determination. On April 25, 1955 the Supreme Court entered an order denying the petition for certification. 18 *N. J.* 203.

Despite the said mandate of the Appellate Division and the order denying the petition for certification, the Clerk of Hudson County advised that he required an additional order from the Hudson County Court before he could expunge from his records the judgment filed with him on May 9, 1951. Accordingly, respondent was obliged to file a second motion to vacate, set aside and expunge the judgment from the County Clerk's docket and records. It was in his affidavit in opposition to this motion that counsel for petitioner informally requested that the proceedings be stayed pending the outcome of petitioner's suit in the federal court.

Petitioner argues that (1) the Hudson County Court was without jurisdiction to vacate the rule for judgment originally entered in the Workmen's Compensation Bureau back in 1947 and docketed in the Hudson County Clerk's office May 9, 1951; (2) the docketed judgment is valid and enforceable; and (3) due process of law requires the upholding of the validity of that judgment. These matters have all previously been raised, thoroughly considered, and decided on the merits by either the Appellate Division or the Supreme Court, or both, on former appeals. They must now be rejected on principles of *res judicata, stare decisis,* and the law of the case. There must be an end of litigation; it is against public policy to permit the same person to litigate the same issues time and time again.

Petitioner claims that her appeal from the County Court's determination of February 10, 1954 of the first motion to vacate and expunge the docketed judgment was

a nullity and is to be disregarded, the argument now being that she appealed in that case from a non-existent order. The determination of the County Court at that time concluded with this language:

"Therefore, the application of the respondent to expunge the said judgment from the records of the county clerk's office of Hudson County is hereby granted."

No formal order was entered. Counsel for petitioner nonetheless proceeded to file an appeal from the determination, and the appeal came on for hearing before the Appellate Division. As will be observed from a reading of our reproduced opinion, we noted that no formal order appeared in the record. However, we proceeded to dispose of the matter on the merits. Having gained a review on the merits and lost, petitioner then filed her petition for certification with the Supreme Court, again seeking a review on the merits. Again there was no contention that the County Court determination was not appealable. Having failed in her attempt to obtain a review by the Supreme Court, petitioner would now have this court disregard the entire appellate proceedings. In this she may not succeed; by prosecuting the former appeal she waived any objection she might have had to a purely procedural aspect of the proceeding. To decide otherwise would be to permit petitioner to take a completely inconsistent position.

■■ The mandates of this court and of the Supreme Court provided sufficient basis for the County Court to see to it that a proper, formal order was entered expunging a judgment which no longer had life or validity. The Workmen's Compensation Bureau (now Division) did not have the power or jurisdiction to expunge the entry of the judgment from the record books of the Hudson County Court. Petitioner's argument that a County Court cannot vacate, set aside and expunge a judgment of the Workmen's Compensation Bureau presupposes that the judgment is valid and enforceable. The judgment here was reviewed by the

highest court of this State and found to be in error. It thereupon became a nullity. A County Court has control of its records and may expunge an invalid entry from its docket and records at any time. *McLaughlin v. Cross,* 68 *N. J. L.* 599 (*Sup. Ct.* 1902); *De Lorenzo v. Botany Worsted Mills,* 118 *N. J. L.* 418 (*Sup. Ct.* 1937); cf. *Blessing v. Blackburn Varnish Co.,* 93 *N. J. L.* 321, 326 (*Sup. Ct.* 1919); and consult our previous opinion, above.

We find petitioner's contention that her constitutional rights have been violated and abridged, and that she has been denied due process, completely without foundation in law or in fact. In the light of the extended record which marks the progress of this case, now passing through our courts for a third time, petitioner's claim that she was entitled to a stay of the latest County Court proceedings pending a determination of her pending application in the federal court, is without merit.

The order under appeal is affirmed.