8

Jean TEMPLE, Plaintiff,

v.

LUMBER MUTUAL CASUALTY IN-
SURANCE COMPANY OF NEW
YORK, etc., Defendant.

Civ. A. No. 729-55.

United States District Court
D. New Jersey.

March 5, 1957.

Robert C. Gruhin, Jersey City, N. J.,
for plaintiff.

Toner, Crowley, Woelper & Vander-
bilt, by Willard G. Woelper, Newark, N.
J., for defendant.

WORTENDYKE, District Judge.

The Court is confronted with counter
motions for summary judgment in this
case under Rule 56(a) and (b) of the
Rules of Civil Procedure, 28 U.S.C.

Jurisdiction rests upon the diversity
of citizenship of the parties, and the
plaintiff seeks recovery in the aggregate
amount of $15,710 with interest from
July 24, 1947. Plaintiff bases her claim
upon an award or judgment under the
Workmen's Compensation Law of New

Jersey, N.J.R.S. 34:15–7 et seq., N.J.S.A., entered on that date, for $14,460, against Storch Trucking Company, upon which she was allowed an attorney's fee of $1,000, directed to be paid to her present attorney, two fees of $50 each to physicians who testified upon her hearing before the New Jersey Workmen's Compensation Bureau, and statutory funeral expenses of $150.

The proceeding which resulted in the aforesaid awards arose out of the death of plaintiff's husband in the course of his employment by the respondent, Storch Trucking Company. The present defendant was the workmen's compensation insurance carrier for that employer. Plaintiff alleges that the said award of the Workmen's Compensation Bureau was docketed as a judgment in the office of the Clerk of Hudson County, New Jersey, on May 9, 1951, and that the full amount thereof, together with interest from the date of said award, remains unpaid. In sum, therefore, the present action is a suit on a judgment claimed by plaintiff to be valid and outstanding. By the provisions of Section 34:15–83 of the Revised Statutes of New Jersey, N.J.S.A., because of its relationship to the said employer of plaintiff's intestate as workmen's compensation insurer, the defendant is made answerable in suit by the plaintiff for the recovery of the liability of the insured employer resulting from the award in compensation and judgment docketed thereon, if valid.

The plaintiff alleges that because her intestate's death occurred outside of the State of New Jersey (in the City of New York) the compensation award aforesaid was only susceptible of attack by way of a writ of certiorari from the former Supreme Court of New Jersey, and that no such means of review was ever completely invoked by or in behalf of the respondent-employer. Plaintiff claims that her constitutional right to due process of law and to equal protection of the laws has been violated by the defendant in having secured, by means of procedures for review of the compensation award other than that which the plaintiff claims was exclusively appropriate, a review and ultimate reversal of the award and judgment entered thereon.

In its answer to the complaint the defendant admits the compensation award and the docketing of judgment thereon as alleged, but asserts that the award and judgment were effectively and legally reversed, set aside and invalidated by appropriate proceedings invoked in behalf of the respondent-employer in accordance with the laws of the State of New Jersey and the rules governing the procedure of its Courts. In effect, therefore, the defendant says that the judgment sued upon in this action no longer exists because its invalidity has been adjudicated by the Courts of New Jersey by whose decisions it has been reversed. This Court is therefore called upon, by the pending cross motions for summary judgment, to determine whether or not the plaintiff is now entitled to recover the amount of the compensation award made to her on July 24, 1947, including the allowances for attorney's fee and medical testimony fees, and the funeral expenses, together with interest upon each of these items from the date of the award.

We learn from the opinion of Judge Colie, writing for the Appellate Division of the Superior Court of New Jersey, in Temple v. Storch Trucking Company, 2 N.J.Super. 146, 65 A.2d 70 (which reversed the former New Jersey Court of Common Pleas for Hudson County in affirming the workmen's compensation award upon which the plaintiff here sues), that although the death of plaintiff's intestate occurred in the City of New York it was claimed to have been caused by an unusual exertion to which decedent had been subjected in the course of his employment on his employer's premises in the State of New Jersey. In reversing the affirmance of the Court of Common Pleas of the compensation award, the Appellate Division of the Superior Court of New Jersey determined, upon the merits, that the death of plaintiff's intestate was not compensable because it was not the result of an acci-

dent arising out of and in the course of decedent's employment. The decision was made on March 31, 1949, and from the resulting judgment the present plaintiff appealed to the Supreme Court of New Jersey, which affirmed the Appellate Division on October 24, 1949. The Supreme Court, in arriving at this affirmance, directly passed upon the propriety of the initial proceeding for review of the compensation award invoked by the respondent-employer. The Supreme Court's opinion is reported in 3 N.J. 42, 68 A.2d 828, and at page 45 of 3 N.J., at page 829 of 68 A.2d of the report Mr. Justice Case, speaking for the majority, points out that "The controlling factor in determining whether the appeal did or did not properly go to the Court of Common Pleas is the place where the accident happened. * * * Although death suddenly struck the decedent while he was driving on the New York side [of the Holland Tunnel], the incidents which are counted upon as an accident all occurred within the State of New Jersey." The Court concluded that this clearly gave jurisdiction to the Court of Common Pleas, provided the Statute creating such jurisdiction was complied with. The Supreme Court opinion continues, 3 N.J. at page 45, 68 A.2d at page 829:

"Moreover, assuming, for the purposes of the argument, that the case should not have been moved to the Common Pleas but should have been taken direct by certiorari to the Supreme Court, the appellant [plaintiff here] was not harmed because the case was decided on appeal by the body which succeeded the Supreme Court in that jurisdiction. The Appellate Division, acting in the stead of the former Supreme Court, made the decision."

In the same case the New Jersey Supreme Court adjudicated that the Hudson County Court of Common Pleas acquired jurisdiction under the statute to review the award in the Bureau. In reaching this conclusion the opinion, 3 N.J. at page 45, 68 A.2d at page 829, reads as follows:

"The direction of the statute that the determination of the county court shall be made within ninety days after the filing of the transcript is directory. [Citing cases.] The weakness of the contention that the statutory direction is mandatory and that nonperformance automatically results in a dismissal of the appeal becomes the more obvious if one poses the case that a claimant loses in the Bureau and upon appealing to the county courts is awarded a reversal *after* the ninety day period. We have no idea that the right of recovery under the Workmen's Compensation Act was intended by the legislature to be denied the claimant by the failure of the county court to observe the statutory period in filing its decision. The same reasoning must be applied to both sides."

This Court fully concurs in the reasoning and conclusion of the New Jersey Supreme Court above quoted. No evidence is before me that the requirements of New Jersey Revised Statutes 34:15-66, N.J.S.A., prescribing the procedure necessary to vest in the Court of Common Pleas jurisdiction to review the award in the Workmen's Compensation Bureau, were not complied with in this case.

Plaintiff's moving affidavit on her present motion, however, discloses that although the award in the Workmen's Compensation Bureau was made or signed by the Deputy Commissioner on July 24, 1947, the appeal taken by the respondent-employer to the Hudson County Court of Common Pleas, which was filed on September 4, 1947, purported to be taken from the judgment as filed in the office of the Secretary of the Bureau on August 5, 1947. Plaintiff further points out that although the applicable New Jersey statute in cases of appeal to the Common Pleas from Judgments of the Workmen's Compensation Bureau required the filing of the transcript of the proceedings in the Bureau with the Court of Common Pleas within 15 days after the filing of the notice of appeal, the

transcript in this case was not filed until December 22, 1947. The 30 day period limited by the New Jersey statute for the taking of an appeal to the Common Pleas from the Bureau is to be computed from the date upon which the judgment of the Bureau was filed in the office of the Secretary of the Bureau at Trenton. Fischman v. Joseph Fish & Co., 121 N. J.L. 3, 1 A.2d 443. The notice of appeal in the present case was, therefore, filed within the time prescribed by the statute. The statutory requirement that the appellant send the transcript of the record to the Clerk of the Common Pleas within 15 days after the filing of the notice of appeal, while mandatory, does not preclude the extension of time for that purpose by the Common Pleas where warranted by the circumstances. Silverberg v. Federal Shipbuilding & Drydock Co., 137 N.J.L. 77, 58 A.2d 230. Moreover, in the instant case, the New Jersey Supreme Court, 3 N.J. 42, 68 A.2d 828, impliedly treated this mandatory requirement as directory, as it had similarly construed the 90 day requirement respecting the Appellate Court's decision.

In view of the foregoing judicial history of the litigation between the present plaintiff and the present defendant's compensation insured, I find as a matter of fact and conclude as a matter of law that the present plaintiff has not been denied due process of law nor deprived of equal protection of the laws. Moreover, I find that the questions presented by the pending motion of the defendant for summary judgment have already been adjudicated adversely to the plaintiff by the Court of last resort of the State of New Jersey, whose decision this Court is without jurisdiction to review. Grubb v. Public Utilities Commission of Ohio, 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 282, 66 S.Ct. 1105, 90 L.Ed. 1230. As was pointed out in Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362: "If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and

their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that would not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. * * * Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. * * * To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original."

I find from the pleadings and the affidavits on the present motion of the defendant for summary judgment that there is no genuine issue as to any material fact, that there is no valid judgment upon which plaintiff can recover in this Court, and that the defendant is entitled to a judgment as a matter of law. Defendant's motion for summary judgment must prevail, which compels the denial of plaintiff's counter motion.

An order may be presented in accordance with the foregoing opinion.