Jean TEMPLE, Plaintiff-Appellant,

v.

**LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK,**
Now Known as New York Mutual Casualty Insurance Company, Defendant-Appellee.

No. 12283.

United States Court of Appeals
Third Circuit.

Argued Dec. 5, 1957.

Decided Jan. 2, 1958.

Robert C. Gruhin, Jersey City, N. J., for appellant.

Willard G. Woelper, Newark, N. J. (Toner, Crowley, Woelper & Vanderbilt Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Charles Temple, thirty-five years old, went to work for Storch Trucking Company in July, 1945, and worked steadily until November when he was laid off for about four weeks. He returned to his employment on November 28th and the next day worked for twelve hours. He came home on November 29th "in poor condition". About midnight he suffered severe pains in his chest and a few hours later the pains recurred. He reported to work, however, at 7:00 A.M. on November 30th apparently with no complaint about his physical condition. He was assigned by his employer to drive a tractor-trailer rig loaded with paper over to Brooklyn. About three inches of snow was on the ground. Consequently in the process of hitching up the tractor-trailer rig both Temple and two other employees did some shoveling of snow and spreading of ashes. In accomplishing the hitching up it was necessary for Temple to climb in and out of the cab a number of times; it was a fair inference from the testimony of two fellow employees that Temple did the heavy work of cranking up the trailer's pony wheels, a difficult task in cold weather because of the condition of the lubricating grease. The truck left the employer's premises at about 7:40 or 7:45 with Temple driving, accompanied by a fellow employee, Spencer. It took them half an hour, because of the snow, to reach the Holland Tunnel, whereas the trip would normally have required only ten to fifteen minutes. Two-thirds of the way through the tunnel on the New York side, Temple suddenly collapsed. He died shortly thereafter.

His widow, plaintiff-appellant here, in December, 1945, initiated the first step in what has proved to be a protracted course of litigation by seeking recovery of compensation in the New Jersey Workmen's Compensation Bureau. A Rule for Judgment in favor of the plaintiff, dated July 24, 1947 was entered on August 5th, the date it was received and filed in the Secretary's Office of the Division of Workmen's Compensation at Trenton. On September 4, 1947 the employer filed an appeal in the Hudson County Court of Common Pleas, within thirty days of the filing date for the Rule for Judgment but more than thirty days later than the Rule was dated. The County Court affirmed the determination of the Workmen's Compensation Bureau and on June 11, 1948 entered an order of judgment in conformity with its opinion. The employer obtained a writ of certiorari from the Appellate Division of the Superior Court, which, after hearing, entered a judgment of reversal, Temple v. Storch Trucking Co., 1949, 2 N.J.Super. 146, 65 A.2d 70, 72. The court found that there was no evidence of "bridging symptoms"—symptoms after the performance of the heavy work and before the attack something more than half an hour later—which would indicate that the attack was attributable to the performance of the work. The court rested also on the rule apparently extant, at least at that time, which required recovery to be based on a finding of unusual strain or exertion "beyond the mere employment itself". There was a dissent. Plaintiff appealed to the New Jersey Supreme Court.

That court on October 24, 1949 affirmed by a divided court the judgment of the Appellate Division, 1949, 3 N.J. 42, 68 A.2d 828. Plaintiff in her reply brief for the first time raised the contention that since the "accident" happened in New York the review of the Workmen's Compensation Bureau determination, required by statute to be in the Court of Common Pleas of the County wherein the accident had occurred, N.J.S.A. 34:15–66, was not properly had in the Hudson County Court, but rather that the appropriate reviewing procedure was by writ of certiorari from the former Supreme Court. Since the time had passed in which that procedure could be initiated, the plaintiff's judgment from the Workmen's Compensation Bureau stood unimpeached. The Supreme Court, 3 N.J. at page 45, 68 A.2d at page 829, decided

this question on its merits, " * * * pass[ing] by the untimeliness of that presentation", by pointing out that though death struck the decedent while he was in New York, all the incidents relied upon as constituting the accident had occurred in New Jersey. The plaintiff also raised for the first time the contention that because the Court of Common Pleas had not rendered its judgment within the ninety day period prescribed by statute, the judgment and subsequent appeal therefrom was a nullity. The Court, passing also the untimeliness of this argument, decided that the statute involved was only directory and not mandatory.

Thereafter, in consequence of the final result in the Supreme Court, a judgment was entered in the Hudson County Court (successor to the Court of Common Pleas), reversing its earlier judgment and entering a dismissal against the plaintiff. Notwithstanding, the plaintiff subsequently caused to be entered in the Office of the Clerk of Hudson County a true copy of the original Workmen's Compensation Bureau judgment. The ostensible lien so created was discovered when the employer trucking company was in the process of negotiating a mortgage. Subsequently in February, 1954 the employer's application to vacate and expunge the judgment from the records was granted. The plaintiff appealed to the Appellate Division, which affirmed by a per curiam opinion, November 4, 1954, later published in full by quotation in a third proceeding in the Appellate Division, 1956, 41 N.J.Super. 397, 400, 125 A.2d 297. It was in this second Appellate Division proceeding that plaintiff for the first time alleged that the effective date of the judgment of the Workmen's Compensation Bureau was July 24, 1947, not August 5, and that consequently the appeal to the Court of Common Pleas of Hudson County filed September 4, 1947 was outside the thirty day statutorily prescribed period. The result contended for was that the County Court, and the courts hearing the case in turn thereafter had never acquired jurisdiction over the subject matter of the July 24 judgment and it stood now unimpeached. The court found no merit in the argument. It pointed out that it is the filing of the determination and rule for judgment in the office of the secretary at Trenton that constitutes the entry of judgment, citing Brown v. Allied Plumbing & Heating Co., 1943, 130 N.J.L. 487, 33 A.2d 813; N.J.S.A. 34:15-58, and that it was the August 5 date which was significant. The court further stressed that it always had been perfectly clear that all parties knew what judgment of the Bureau was being appealed through the courts, as there never had been more than one judgment in favor of the widow. Plaintiff's subsequent petition to the Supreme Court of New Jersey for certification was denied on April 25, 1955.

Then, for some reason which does not appear, the Clerk of Hudson County indicated to the employer that he would need an additional order from the County Court in order to expunge the Workmen's Compensation judgment from his records. This order was granted on application though the plaintiff requested by oral motion that the proceedings be stayed pending the outcome of a suit which had been begun in the Federal District Court in August 1955. The plaintiff again appealed to the Appellate Division. Its opinion disposing of this third appeal is found at 1956, 41 N.J.Super. 397, 125 A.2d 297. In addition to grounds which it previously considered, the court dealt with the assertion that there could be no res judicata concerning the order for expurgation appealed from in the case then before it because the previous appeal from the earlier order was a nullity as no order had ever actually been entered.[1] The Appellate Division decided that the prosecution of the former appeal to it and the attempt to obtain review by the Supreme Court had waived any objection plaintiff might have had to a purely pro-

---

1. This apparent oversight may have been the reason why the County Clerk thought he needed another order from the County Court.

cedural aspect of the matter. 41 N.J. Super. at page 406, 125 A.2d 297. The court (citing cases) went on to say that since a County Court has control of its records and may expunge an invalid entry from its docket and records at any time, it could so deal with the Workmen's Compensation judgment entered on the records where complete review thereof had found it to be in error. The court also stated that the claim of a right to a stay pending the Federal determination was without merit. Thereafter, at 1956, 23 N.J. 57, 127 A.2d 227, the Supreme Court denied certification.

The federal suit went to summary judgment, D.C.1957, 149 F.Supp. 8, and is now before us on this appeal. In that action plaintiff proceeded not against the employer, Storch Trucking Company, but against its insurer under the New Jersey Workmen's Compensation laws, attempting to assert what plaintiff conceives to be a third-party beneficiary right conferred on her by New Jersey statute. N. J.S.A. 34:15–83. Federal jurisdiction is rested on diversity of citizenship; any right the plaintiff may have must, therefore, derive its form and substance from the law of New Jersey. Even if plaintiff's third-party beneficiary thought is correct, the right asserted is a right in the judgment of the Workmen's Compensation Bureau. In short the plaintiff is again trying to collaterally attack the judgment setting aside the Workmen's Compensation Bureau judgment by a proceeding which purports to enforce the Compensation judgment. The plaintiff has already twice resorted to collateral attack in the New Jersey courts of the judgment impeding her way to recovery on the Compensation judgment. The existence and validity of the Compensation judgment are essential to plaintiff's case.

The thrust of plaintiff's renewed collateral attack on the judgment setting aside the recovery allowed by the Workmen's Compensation Bureau is that the Hudson County Court of Common Pleas, and hence the Appellate Division and Supreme Court to which the litigation found its way in due course, never acquired jurisdiction over the subject matter.

■ In support of this basic contention, which was made also in the New Jersey courts, plaintiff advances a number of arguments. One of these is that because the death occurred in New York the Court of Common Pleas could not review the determination of the Workmen's Compensation Bureau, such review lying only in the court of the county in which the accident occurred. But when this argument was made to it the Supreme Court held, 1949, 3 N.J. 42, at page 45, 68 A.2d 828, that the incidents relied upon to establish the accident had occurred in New Jersey and that the Court of Common Pleas was not prevented from taking jurisdiction for review because the death happened to occur in New York. That determination by the New Jersey Supreme Court established the law binding on the federal courts for this subsequent litigation between the same parties or their privies. Stoner v. New York Life Ins. Co., 1940, 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284. The contention that certiorari by the then Supreme Court was the only proper method for review is a corollary depending on the success of the primary argument.

Another argument advanced in support of the basic contention of failure of jurisdiction of the Common Pleas Court is that the effective date of the Compensation judgment was July 24th rather than August 5th, and consequently the appeal filed on September 4th was out of time. A nuance of this argument is that the appeal was never directed to the judgment of July 24. This proposition was fully disposed of by the Appellate Division's per curiam opinion on the second appeal, quoted beginning at page 400 of 41 N.J.Super., at page 402, 125 A.2d 297, at pages 298, 299 (1956). The August 5th date was held to be the vital date, the court stating that even if it were not, the plaintiff was too late with such suggestion.

■ Plaintiff's basic contention and all of her reasoning in support of it were rejected at least once by the state courts.

Thus, since the subject matter is the same collateral attack and since there is no question that the New Jersey courts had jurisdiction over the parties and that they rendered decisions on the merits of the earlier collateral attacks, the determinations of the New Jersey courts are res judicata of the question concerning jurisdiction by the New Jersey courts to review the Compensation judgment if the defendant here can be said to be in privity with Storch, the party opposing plaintiff in the state proceedings. Hudson Transit Corp. v. Antonucci, 1948, 137 N.J.L. 704, 61 A.2d 180, 4 A.L.R.2d 1374; Windolph v. Lippincott, 1931, 107 N.J.L. 468, 155 A. 23; Cramer v. Roberts, 1952, 19 N.J.Super. 1, 87 A.2d 764; Templeton v. Scudder, 1951, 16 N.J.Super. 576, 85 A.2d 292. That defendant is in privity with Storch is clear, §§ 84 and 107 Restatement of Judgments. As its insurer defendant represented and defended Storch in the Workmen's Compensation Bureau proceedings and in the subsequent review proceedings in accordance with the contract of insurance. The plaintiff in fact has founded her theory of this suit on the premise that defendant is in privity with Storch. Privity causes the benefits of a result favorable to defendant's assured to inure to defendant just as much as it would impose a burden on defendant by reason of a determination unfavorable to its assured. The bar of res judicata is available to defendant. Bango v. Ward, 1953, 12 N.J. 415, 97 A.2d 147; Templeton v. Scudder, supra. A determination by a competent court of a question of its own jurisdiction over the subject matter of an action before it is not subject to later attack except for fraud; a determination by a competent court upon collateral attack against the jurisdiction of another court over a matter previously decided by the other court is likewise not subject to attack except for fraud. In other words, decisions by competent courts with respect to questions of jurisdiction over subject matter are res judicata as to those items when one of the same parties or their privies attempts to re-litigate the questions.

■■ Once the reviewing courts are determined to have acquired jurisdiction over the subject matter, the argument that the order to expunge the Compensation judgment worked a deprivation of due process and a denial of equal protection of the laws cannot stand. It depends for its substance on the assumption that the reviewing courts' orders were void because of the courts' failure to obtain jurisdiction. It has been said that the doctrine of due process includes no right to litigate the same question twice. Baldwin v. Iowa State Traveling Men's Ass'n, 1931, 283 U.S. 522, 524, 51 S.Ct. 517, 75 L.Ed. 1244.

■ The plaintiff asserts that the determinations of the New Jersey courts as to their jurisdiction when they reviewed the Compensation judgment are not res judicata in this cause. The objections to the jurisdiction of the New Jersey appellate courts at the time of the first appeal were rejected by those courts, and the plaintiff was thereafter estopped from raising them again. The additional contentions against the jurisdiction of the New Jersey appellate courts on the collateral attacks of the final judgment were also rejected and plaintiff is consequently estopped from raising them. She does not here nor did she in the district court attempt to collaterally attack the judgments rendered on her earlier collateral attacks. The determinations by the New Jersey courts are, therefore, dispositive of every aspect of the case presented on this appeal. See Stoner v. New York Life Ins. Co., supra.

The heart of this litigation was the establishment of accident under the New Jersey Workmen's Compensation statute. This was accomplished to the satisfaction of the Compensation Bureau and on the de novo Common Pleas appeal. But plaintiff's theory, which would seem to have been ahead of its time, was rejected by the state appellate courts under their then construction of the pertinent law.

The tenacious, lawyer-life effort on behalf of appellant throughout this exhaustive litigation is much to be admired. It is defeated because of the prior plenary action by the New Jersey courts.

The judgment of the district court will be affirmed.