## PHILADELPHIA TRANSPORTATION COMPANY

v.

## SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY et al.

### Civ. A. No. 44348.

United States District Court
E. D. Pennsylvania.

April 10, 1968.

Arnold R. Ginsburg, Philadelphia, Pa., for plaintiff.

William T. Coleman, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

FULLAM, District Judge.

On June 18, 1965, the Southeastern Pennsylvania Transportation Authority and the City of Philadelphia filed a petition for declaratory judgment in the Court of Common Pleas No. 5 of Philadelphia County, seeking an adjudication of the rights of the parties under a certain option agreement for the purchase of the assets of the Philadelphia Transportation Company. On July 14, 1966, the Common Pleas Court, per Spaeth, J., filed a comprehensive opinion and entered a *decree nisi* generally favoring SEPTA's interpretation of the op-

tion agreement; exceptions were filed and argued, but the *decree nisi* was made final by decree of the Court en banc entered September 16, 1966. On appeal, the Supreme Court of Pennsylvania affirmed. Southeastern Pennsylvania Transp. Authority, et al. v. PTC, 426 Pa. 377, 233 A.2d 15 (1967).[1] The decision of the Pennsylvania Supreme Court was handed down on July 27, 1967, and rehearing was denied on September 26, 1967. On December 22, 1967, the PTC petitioned the United States Supreme Court for certiorari; certiorari was denied on April 8, 1968, 390 U.S. ——, 88 S.Ct. 1259, 20 L.Ed.2d 161.

On December 15, 1967, the Philadephia Transportation Company filed the present declaratory judgment proceeding in this Court. The defendants here were the plaintiffs in the state court action. The declaratory relief sought involves precisely the same option agreement and related documents as were involved in the state court litigation. The only "federal question" now asserted is the claim that the interpretation of the option agreement embodied in the final judgment of the Pennsylvania Supreme Court would have the effect of depriving plaintiff of property without due process of law.

 Before me for disposition is the motion of the defendants to dismiss this action, on the ground that the Pennsylvania judgment is *res judicata*. Ordinarily, this would be an affirmative defense, not raiseable by motion to dismiss; however, in this case, the plaintiff has pleaded the state court judgment and, in fact, has attached to its complaint as exhibits most of the state court record. Accordingly, it is clear that the issue is properly raised.

 I have carefully reviewed the remarkably prolix pleadings and briefs[2]

of the plaintiff, and have determined that each and every issue sought to be raised in this Court, including the alleged federal questions upon which this Court's jurisdiction would necessarily depend, has been fully litigated and resolved in the state court litigation. The present action is plainly barred by the final judgment in the state litigation, which is *res judicata*. See, e. g., American Surety Co. of New York v. Baldwin, 287 U.S. 156, 166–167, 53 S.Ct. 98, 77 L. Ed. 231 (1932). It is clear that plaintiff is seeking merely to relitigate the entire case in this Court, in the hope of a more favorable result. Needless to say, there is no jurisdiction in this court to grant relief under those circumstances. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Ash v. Northern Illinois Gas Company, 362 F.2d 148, 151 (7th Cir. 1966); Temple v. Lumber Mutual Casualty Ins. Co. of N. Y., 149 F.Supp. 8 (D.N.J.1957) affirmed 250 F.2d 748 (3d Cir. 1958).

 I note also that, even if the state courts had not yet rendered a final judgment in the matter, it would nevertheless be appropriate for this court to refuse to entertain a declaratory judgment action, since the state court litigation preceded the present litigation and the relief here sought was available therein. Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); United States Fidelity & Guaranty Co. v. Koch, 102 F.2d 288 (3d Cir. 1939); see 6 Moore, Federal Practice, § 57.08 [5], p. 3036.

### ORDER

And now, this 10th day of April, 1968, defendants' motion to dismiss is hereby, granted.

---

1. The case had been before the Pennsylvania Supreme Court, at intermediate stages, twice before: see 426 Pa. 418, 233 A.2d 35 (1967) and 419 Pa. 471, 214 A.2d 632 (1965).

2. The complaint contains 62 pages of allegations, plus 89 pages of exhibits, some of which incorporate other documents by reference. Plaintiff has also filed a 33-page brief, a 14-page reply brief, and a copy of its brief in the Supreme Court, comprising 40 printed pages. The issues are not really that complicated.